# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

**RUBBY JAMES GRAY**                                                                        **PLAINTIFF**

V.                            NO. 3:23-cv-00206-LPR-ERE

**DOES**                                                                                        **DEFENDANTS**

## ORDER

### I.   Overview:

On October 6, 2023, *pro se* plaintiff Rubby James Gray, an inmate at the Poinsett County Detention Center ("Detention Center"), filed this civil rights lawsuit under 42 U.S.C. § 1983 alleging that: (1) the conditions of his confinement are unconstitutional; and (2) Detention Center staff have failed to provide him constitutionally adequate medical care. *Doc. 1*.

On October 30, 2023, the Court entered an Order detailing the problems (or deficiencies) in Mr. Gray's original complaint and delaying the screening process to give Mr. Gray the opportunity to file an amended complaint. *Doc. 7*.

On November 14, 2023, Mr. Gray filed his amended complaint. *Doc. 8*. However, Mr. Gray's amended complaint also has problems that will prevent it from surviving the screening process.

Rather than screen Mr. Gray's amended complaint and recommend dismissal, the Court will provide Mr. Gray a final opportunity to amend his complaint.

## II. <u>Problems With Amended Complaint</u>:

Mr. Gray's amended complaint alleges that: (1) inmates are denied access to their mail based on problems with the Detention Center's kiosk system; (2) several of the cells in the Detention Center contain black mold; (3) unidentified Detention Center staff failed to provide him medication from October 26, 2023, until November 4, 2023; (4) on October 26, 2023, Dr. Houchin did not properly examine him; (5) on November 2, 2023, Detention Center staff failed to do anything to assist him after he "black[ed] out" and an ambulance was called; and (6) although he suffers from a brain aneurysm, Dr. Houchin and Nurse Susan Duffel have failed to provide him proper medical treatment. *Doc. 8*.

### A. Mr. Gray Can't Pursue Claims on Behalf of Others

At various points in his amended complaint, Mr. Gray makes factual allegations suggesting an effort to assert claims on behalf of other inmates. See *Doc. 7 at p. 1* ("there is black mold in several of the cells"; "there are cases where medication has been delayed or left out"). Mr. Gray "cannot bring claims on behalf of other prisoners." *Martin v. Sargent*, 780 F.3d 1334, 1337 (8th Cir. 1985).

A second amended complaint, if filed, should include only allegations related to constitutional violations that Mr. Gray personally experienced.

### B. First Amendment Access to the Mail

Mr. Gray's amended complaint generally alleges that inmates have been denied access to "our mail" based on problems with the Detention Center's kiosk machines. *Doc. 8 at 1*. Although Mr. Gray references "Administrator B.J. Carter" when describing this claim, he fails to allege that Administrator Carter, or any other Detention Center staff member, personally interfered with *his* legal or non-legal mail. While prisoners have a First Amendment right to communicate with individuals outside of prison, Mr. Gray's amended complaint fails to state a plausible First Amendment claim.[1]

### C. Exposure to Black Mold

Mr. Gray's amended complaint alleges that "[t]here is black mold in several of the cells" in the Detention Center. *Id*. He explains that, although he has notified "Sgt. Tabatha and Administrator Carter" about these conditions, they have failed to take any action. However, Mr. Gray fails to state: (1) whether *his* cell contains black mold; (2) how long *he* has been exposed to black mold; or (3) whether *he* has suffered any injury as a result of being exposed to the black mold. As a result, the

---

[1] For example, Mr. Gray fails to state: (1) how many days (if any) any specific individual interfered with his legal or non-legal mail; or (2) whether, during that time period, he could engage in in-person visitation or use the telephone to contact his friends and family.

3

factual allegations in the amended complaint fail to state a plausible claim for unconstitutional conditions of confinement.[2]

### D. Claims Arising Since October 6, 2023

Mr. Gray filed this lawsuit on October 6, 2023. *Doc. 1*. The Prison Litigation Reform Act ("PLRA") requires the Court to dismiss any claim that was not fully exhausted *before* this lawsuit was filed. See 42 U.S.C. § 1997e(a) (declaring, "[n]o action shall be brought with respect to prison conditions . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted"); *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003) (holding an inmate must exhaust all available administrative remedies before filing suit, and "[i]f exhaustion was not completed at the time of filing, dismissal is mandatory"). Thus, the PLRA required Mr. Gray to satisfy the Detention Center's policy for raising and administratively exhausting his claims *before* bringing this action.[3]

---

[2] To state an inhumane conditions-of-confinement, Mr. Gray must allege facts, which if taken as true, support a reasonable inference that he suffered a serious deprivation of "the minimal civilized measure of life's necessities" and the "offending conduct [was] wanton." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). Mr. Gray must allege both objective and subjective elements. "The defendant's conduct must objectively rise to the level of a constitutional violation by depriving the plaintiff of the minimal civilized measure of life's necessities. The defendant's conduct must also reflect a subjective state of mind evincing deliberate indifference to the health or safety of the prisoner." *Revels v. Vincenz*, 382, F.3d 870, 875 (8th Cir. 2004) (citations and quotation marks omitted).

[3] There are exceptions to the exhaustion requirement, but they are few and narrow in scope. For example, an inmate's subjective belief about the futility of the exhaustion process or his misunderstanding about the process are irrelevant in determining whether administrative

The exhaustion requirement precludes Mr. Gray from adding claims to this lawsuit arising from either Detention Center staff's failure to provide him medication from October 26, 2023, until November 4, 2023, or Dr. Houchin's October 26, 2023, examination. Mr. Gray may file one or more new lawsuits asserting those claims, but he can't add them to this lawsuit.

### E.   Claims against Dr. Houchin and Susan Duffel

Mr. Gray's amended complaint makes various allegations related to the medical care he is receiving. His most specific allegation is that Dr. Houchin and Susan Duffel have denied him adequate medical treatment, including an MRI, for a brain aneurysm. His factual allegations are insufficient to survive screening.

Mr. Gray's amended complaint repeatedly refers to "malpractice and medical negligence," but the standard for constitutionally inadequate medical care is much higher than negligence.[4]

To state a plausible medical deliberate indifference claim, Mr. Gray must allege facts which, accepted as true, are sufficient to support a reasonable inference that: (1) he had "objectively serious medical needs"; and (2) each proposed Defendant "actually knew of but deliberately disregarded those needs." *Hamner v.*

---

procedures are available. *Chelette v. Harris*, 229 F.3d 684, 688 (8th Cir. 2000).

[4] Because Mr. Gray's current pleading fails to state a plausible federal claim for relief, Court lacks subject matter jurisdiction over a stand-alone negligence or other state law claim.

5

*Burls*, 937 F.3d 1171, 1177 (8th Cir. 2019); see also *Saylor v. Nebraska*, 812 F.3d 637, 644 (8th Cir. 2016). A medical need is objectively serious if it has been "diagnosed by a physician as requiring treatment" or if it is "so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Barton v. Taber*, 908 F.3d 1119, 1124 (8th Cir. 2018). Under the subjective component of an inadequate medical care claim, prison officials may not "deliberately delay or deny prisoners' medical care," but a prisoner "must show more than negligence, more even than gross negligence," to make out a constitutional violation. *Hamner,* 937 F.3d at 1177; see *Roberts v. Kopel,* 917 F.3d 1039, 1042 (8th Cir. 2019) (deliberate indifference requires a mental state "akin to criminal recklessness").

When a prisoner alleges that a delay in medical treatment has violated his constitutional rights, the "objective seriousness of the deprivation should also be measured 'by reference to the *effect* of delay in treatment.'" *Laughlin v. Schriro,* 430 F.3d 927, 929 (8th Cir. 2005); see *Roberson v. Bradshaw*, 198 F.3d 645, 648 (8th Cir. 2001) (a prisoner must demonstrate that the delay in obtaining medical treatment adversely affected his prognosis, or that defendants ignored an acute or escalating situation); *Robinson v. Hager*, 292 F.3d 560, 564 (8th Cir. 2002) (no Eighth Amendment violation if a prisoner is not actually harmed by the failure to receive medical care).

In addition, an inmate's disagreement with treatment decisions cannot support

6

a deliberate indifference claim. *Barr v. Pearson*, 909 F.3d 919, 921-22 (8th Cir. 2018). An inmate has no right to a particular or requested course of treatment, and a mere difference of opinion over matters of expert medical judgment or the course of treatment does not amount to a constitutional violation. *Dulany v. Carnahan*, 132 F.3d 1234, 1239-40 (8th Cir. 1997).

While Mr. Gray's amended complaint is hard to understand, he apparently believes he has a brain aneurysm, but Dr. Houchin has told him he does not, and Nurse Duffel has told him his aneurysm is not life-threatening. Mr. Gray may also be contending that Dr. Houchin and/or Nurse Duffel have denied him an MRI to determine whether the brain aneurysm is still present.

If Mr. Gray files a second amended complaint, he should include any facts to show what Dr. Houchin and Nurse Duffel did that arguably satisfies the much higher standard required to state a plausible claim for medical deliberate indifference.  It might be helpful for Mr. Gray to explain why he thinks he has a brain aneurysm, what treatment he thinks he needs and why he thinks he needs it. He should also specify in detail exactly what treatment Dr. Houchin and Nurse Duffel denied him and when they denied it.  Finally, Mr. Gray should explain how he has been harmed by the denial of medical care for his brain aneurysm.

### III.   Conclusion:

For the reasons explained above,

1. Mr. Gray may file a second amended complaint within thirty (30) days of the entry of this Order.

2. If Mr. Gray fails to file a second amended complaint, the Court will screen the original and amended complaints, which is likely to result in the dismissal of his claims.

3. The Clerk is instructed to provide Mr. Gray a blank 42 U.S.C. § 1983 complaint form, along with a copy of this Order.

So Ordered 17 November 2023.

_____
UNITED STATES MAGISTRATE JUDGE